# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STELLA MAE REYNOLDS, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>BOARD OF COUNTY )<br>COMMISSIONERS OF THE )<br>COUNTY OF OKLAHOMA, *et al.*, )<br>)<br>Defendants. ) | NO. CIV-14-0250-HE |

## ORDER

Plaintiff Stella Mae Reynolds sued the Board of County Commissioners of the County of Oklahoma ("Board"), the Oklahoma County Juvenile Bureau ("Juvenile Bureau"), James Saffle, Director of the Oklahoma County Juvenile Bureau, in his official and individual capacities, and Ronnie Ward, Facility Administrator of the Oklahoma County Juvenile Bureau, in his official and individual capacities, asserting both federal and state claims. Plaintiff's claims arise out of her former employment with the Juvenile Bureau, where she worked from July 2008, until she was terminated in June 2013. Specifically, plaintiff alleges gender and race discrimination claims under Title VII against the Board and Juvenile Bureau, race discrimination and retaliation claims under § 1981 against all defendants, a First Amendment freedom of speech claim under § 1983 against all defendants and <u>Burk</u> tort (whistleblowing) and negligent supervision, training and retention claims under state law against the Board and Juvenile Bureau.

The Board and Juvenile Bureau have filed a motion to dismiss pursuant to

Fed.R.Civ.P. 12(b)(1) and (6). When considering whether plaintiff's claims should be dismissed, the court accepts all well-pleaded factual allegations as true and views them in the light most favorable to the plaintiff as the nonmoving party. S.E.C. v. Shields, 744 F.3d 633, 640 (10th Cir. 2014); Smith v. United States, 561 F.3d 1090, 1097 (10th Cir. 2009). Considering the motion under that standard, the court concludes it is moot in part and should otherwise be denied.

The defendants' motion is moot in part, as the court previously granted plaintiff's unopposed motion to correctly name the Board of County Commissioners of the County of Oklahoma and to remove the Juvenile Bureau from the caption due to its lack of capacity to be sued. Doc. #18. The Board's remaining grounds for dismissal lack merit.

The Board first asserts that plaintiff's allegations fail to satisfy the requirements of Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). While the complaint could be more detailed, the court concludes it contains "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Id.* at 570, 555.

The Board next claims plaintiff fails to allege a nexus between the Board and the persons who actually supervised her. The Board has not, though, been sued in this case because of any particular act the commissioners took or failed to take, but because the Juvenile Bureau is a county entity or agency that lacks the capacity to be sued in its own name. In that regard the court would note that, while it would seem to be obvious from its title that the Oklahoma County Juvenile Bureau is a county entity, it has some characteristics of a state agency. However, the statutes establishing and governing juvenile bureaus

2

generally treat them as county entities. For example, 10A Okla. State § 2-4-101 previously provided that juvenile bureaus were to be considered departments of the county "for legal representation purposes only." That language has been deleted, suggesting that juvenile bureaus are to be regarded as county departments for all purposes. Other statutory sections pertaining to juvenile bureaus support that conclusion. *See id.* at § 2-4-107(A)-(D).

The court does not find that a different result is dictated by 10A Okla. Stat § 2-3-103C(7), cited by the Board. That section provides in part: "[t]he operation of a juvenile detention facility by a county shall constitute a quasi-judicial function and is also hereby declared to be a function of the State of Oklahoma for purposes of the Eleventh Amendment to the United States Constitution." This case does not arise out of the operation of a juvenile detention center, but rather involves the employment claim of an employee of a county juvenile bureau. Moreover, Eleventh Amendment immunity is a creature of federal, not state, law and the Supreme Court "has repeatedly refused to extend sovereign immunity to counties." Northern Ins. Co. of N.Y. v. Chatham County, Ga., 547 U.S. 189, 193 (2006). As the State has set up the juvenile bureaus to operate as county offices, rather than as arms of the State, more than the language in §2-3-103C(7) will be required to cloak the juvenile bureaus with Eleventh Amendment immunity. *See* Okla. Op. Att'y Gen. No. 08-30 (2008) ("[U]nder general principles juvenile bureaus are part of county government, and juvenile bureaus and their employees are considered to be employees of the county.").

For purposes of Title VII, the Oklahoma County is considered to be plaintiff's "employer." *Id.* While the director of the juvenile bureau or judge of the juvenile division,

3

*see* 10A Okla. Stat. § 2-4-102, rather than the county commissioners, may have the power to determine the pertinent policy for the county in these circumstances, that does not mean that the county cannot be held accountable for their actions. *See* duBois v. Bd. of Cnty. Comm'rs of Mayes Cnty., Oklahoma, 2014 WL 4810332, at *6-9 (N.D. Okla. Sept. 29, 2014); Okla. Op. Att'y Gen. No. 08-30. The court concludes the complaint is not deficient for lack of "facts establishing any employment relationship between Plaintiff and [the Board] or that [the Board] is authorized to exercise authority over employment decisions at the Oklahoma County Juvenile Bureau." Doc. #22, p. 1.

Finally, the Board asserts that plaintiff's Burk tort/whistleblowing claim is based on alleged conduct that is outside the scope of employment, thus entitling it to immunity under the Oklahoma Governmental Tort Claims Act. As plaintiff has alleged facts suggesting that the challenged decisions by plaintiff's supervisors were within the scope of their employment, the Board has not shown it is entitled to dismissal of her Burk tort claim.

Plaintiff has met her pleading burden under the federal rules. Accordingly, the Board's motion to dismiss [Doc. #11] is **DENIED**.

**IT IS SO ORDERED**.

Dated this 13th day of November, 2014.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

4